IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| Richard Ferdinand Toussaint, Jr., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | NO. _____ |
| | § | |
| Federal Insurance Co., | § | |
| | § | |
| Defendant. | § | |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Richard Ferdinand Toussaint ("Dr. Toussaint") brings this insurance coverage action against Federal Insurance Company ("Federal") and alleges as follows:

### Nature of the Case

1.      This case involves insurance coverage disputes relating to Dr. Toussaint's claims under one or more similar, yet not identical, Directors & Officers (D&O) liability insurance policies. Ascendant Anesthesia, PLLC ("Ascendant") purchased a D&O policy from Federal that Ascendant renewed several times, maintaining D&O coverage at all relevant times. In late 2012, Dr. Toussaint learned that the Department of Justice had initiated a criminal investigation of his billing practices, regarding which he received a subpoena on or about January 22, 2013. Dr. Toussaint made a claim to Federal for the costs for responding to that subpoena.

2.      Federal denied Dr. Toussaint's request, contending that the subpoena did not meet the definition of "Claim" under the D&O policy that was issued effective October 13, 2012 and, accordingly, that the subpoena defense costs were not covered. In May 2015 Dr. Toussaint was indicted and renewed his claim for coverage. This time, Federal agreed the claim was covered but, for reason explained below, imposed an inapplicable $1 million retention and 50%

coinsurance provision and incorrectly excluded the pre-indictment defense costs that ought to have been covered. Federal also later wrongly rejected particular invoiced defense costs as unreasonable or unnecessary. Accordingly, Dr. Toussaint has filed this Complaint against Federal for declaratory judgment, breach of insurance contract, and violations of the Texas Insurance Code.

<u>**Parties**</u>

3.      Dr. Toussaint was a director, officer, and plurality stakeholder in Ascendant and therefore an "Insured Person" under applicable D&O policies issued by Federal. Dr. Toussaint resides in the City of Dallas, Dallas County, Texas, and can be served personally or at the offices of his attorneys, Thompson & Knight, LLP.

4.      Federal is an insurance company that belongs to the Chubb Group of Insurance Companies. Federal's address for service of process is Chubb Group of Insurance Companies, 82 Hopmeadow Street, Simsbury, CT 06070-7683.

<u>**Jurisdiction and Venue**</u>

5.      This Court has subject-matter jurisdiction over the matters raised by this lawsuit because there is complete diversity of citizenship between the parties. Dr. Toussaint is a citizen of the State of Texas. Federal is an insurance company incorporated in Indiana with a principal place of business in Indiana.  The amount in dispute, exclusive of interest and costs, exceeds the sum of $75,000. Therefore, this Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1332.

6.      This Court has personal jurisdiction over the Defendant because it regularly conducts business in Texas, the policy in question was issued as part of its Texas business, and it has committed acts complained of herein within the State of Texas and within this Judicial District.

7.     Venue is proper in this district, because a substantial part of the events giving rise to this Complaint occurred within this district, including the sale of the underlying insurance policies, and the relevant communications between the parties relating to Federal's coverage determination. Venue is therefore proper pursuant to 28 U.S.C. § 1391(b)(2).

## Insurance Policies at Issue

8.     Federal issued to Ascendant a ForeFront Portfolio 3.0 policy with various Coverage Parts, including one for D&O coverage, Policy No. 8222-6708, effective from October 13, 2012 through October 13, 2013 ("the 2012 Policy"). A true and correct copy of the 2012 Policy is attached hereto as Exhibit A. This Policy provided an aggregate coverage limit of $1 million. The 2012 Policy was a renewal of similar policies issued in 2010 and 2011. The D&O Coverage Part defined "Insured Person" to include "any Executive or Employee of an Organization acting…in his…capacity as such…." Dr. Toussaint meets this definition.

9.     Under the terms of the 2012 Policy, claims made during the policy period that were "related" to claims made during previous renewals of the 2012 Policy were treated as follows:

**IV. Related Claims**

With respect to the **Liability Coverage Parts**:

(A)     All **Related Claims** shall be deemed a single **Claim** made in the **Policy Year** in which the earliest such **Related Claims** was first made or first deemed to have been made in accordance with the Reporting section of the applicable Liability Coverage Part (the "Earliest Related Claim").

(B)     *All **Related Claims** shall be subject to the same Retention and Limits of Liability applicable to the Earliest Related Claim.* [italic emphasis added]

10.     Therefore, a claim related to an earlier claim would be covered as a single claim under the earlier policy, subject to the same retention and liability limits as applied to the earliest related claim.

11.     The 2012 Policy, and all relevant prior iterations thereof, covered "Defense Costs," which are defined as "that part of **Loss** [sic] consisting of reasonable costs, charges, fees (including attorneys' fees and experts' fees) and expenses…incurred in investigating, defending, opposing or appealing any Claim and the premium for appeal, attachment or similar bonds."

12.     The D&O Coverage Part of the 2012 Policy, and all relevant prior iterations thereof, imposed a retention or deductible of $5,000 on claims for wrongful acts.

13.     The 2012 Policy, and all relevant prior iterations thereof, imposed by endorsement a retention or deductible of $1 million on certain claims defined as "Regulatory Wrongful Acts." Such claims were also subject to a 50% coinsurance requirement.

14.     The 2012 Policy, and all relevant prior iterations thereof, defined "Claim" to include, among other things, any "formal administrative or formal regulatory proceeding commenced by the filing of a written notice of charges, formal investigative order or similar document…." Additionally, the 2012 Policy defined Claim to include, with respect to an "Insured Person" for a "Wrongful Act," any

> …civil, criminal, administrative or regulatory investigation or interview of an Insured Person for a Wrongful Act once such Insured Person is identified in writing by any investigating authority as a target of such investigation or interview, including when such Insured Person is served with a target letter or similar document[.]

The 2010 Policy defined "D&O Claim" to include:

> …civil, criminal, administrative or regulatory investigation commenced by service upon or other receipt by the Insured Person of a written notice from the investigating authority specifically identifying the Insured Person as a target individual against whom formal charges may be commenced…

### Background Facts

15.     Ascendant first acquired D&O liability insurance coverage from Federal before 2009. Ascendant renewed its D&O insurance in 2010, 2011, and 2012, and thus maintained coverage at all relevant times. The 2012 Policy, and all its prior iterations, covered defense costs in criminal matters.

16.     Sometime in or around October, 2012, Dr. Toussaint learned he was the subject of a United States Department of Justice criminal investigation, and he received a subpoena associated with that investigation on or about January 22, 2013. The government also issued a similar subpoena to Ascendant at the same time.

17.     This subpoena was a "Claim" under the terms of the 2012 Policy, triggering Federal's coverage obligation. Dr. Toussaint was an "executive" of Ascendant, and was therefore entitled to coverage under the 2012 Policy. Dr. Toussaint promptly requested coverage from Federal. On February 18, 2013, Federal denied coverage, contending that the defense costs related to the subpoena did not meet the definition of "Claim."

18.     On May 19, 2015, after the government's investigation, Dr. Toussaint was indicted for health care fraud, and for aiding and abetting health care fraud, under 18 U.S.C. §§ 1347 and 2. These allegations contained in the indictment concerned actions alleged to have occurred in 2009 and 2010. On June 5, 2015, Dr. Toussaint again demanded that Federal cover his defense costs. On October 20, 2015, Federal finally agreed to cover defense costs, but limited its coverage in three ways, two of which were inappropriate.

19.     First, Federal stated that the allegations in the indictment arose out of the same transactions and occurrences asserted in an earlier civil action, for which it had provided coverage. Specifically, in 2010, an Ascendant employee had countersued Ascendant for wrongful termination, alleging that she was fired after refusing instructions to violate the law

(the "2010 Employee Action"), an action that Federal in fact covered on Ascendant's behalf under the 2010 Policy. Federal contended that since the employee's allegations were substantially the same as the allegations in the indictment, the 2010 Employee Action and the indictment were "Related Claims" under the terms of the 2012 and 2010 Policies, and thus were to be treated as a "single claim" made at the time the "earliest related claim" was made. Dr. Toussaint does not contest that, under the terms of the 2012 Policy, the indictment is a "Related Claim" to the 2010 Employee Action.

20.     Federal's October 20, 2015 letter further contended that, because the indictment falls under the policy definition of "Regulatory Wrongful Act," Federal may impose a liability limit and retention on indictment-defense costs different from those imposed in the 2010 Employee Action, despite the terms of both the 2010 and 2012 Policies that require Federal to treat Related Claims as a single claim, and despite the 2012 Policy requirement that Related Claims are subject to "the same retention" and "Limits of Liability" as the earlier claim.

21.     More specifically, both the applicable 2012 and 2010 Policy Limits of Liability are $1 million respectively, but Federal asserts that it had already paid on behalf of Ascendant approximately $561,000.00 out of the 2010 limits after Ascendant had exhausted the applicable $5,000 deductible under the 2010 Policy. Accordingly, Federal asserts that the applicable Limit of Liability for payment of indictment-defense costs is the partially exhausted 2010 Policy limit that also applied to the earlier Related Claim, of which only $438,868.83 remains. Yet Federal ignores that the applicable $5,000 deductible under the 2010 Policy was exhausted before Federal began paying anything for the 2010 Employee Action and now wrongly seeks to impose an additional $1,000,000 deductible (in addition to the $5,000 deductible already paid), plus a 50% coinsurance requirement that was never imposed in the 2010 Employee Action. Dr. Toussaint denies that a second deductible or a coinsurance requirement applies, and challenged

those determinations in writing on January 11, 2016. In that same letter, Dr. Toussaint submitted a list of invoiced defense costs incurred up to that point, for which he requested payment up to the Limit available under the 2010 Policy.

22.     In a February 11, 2016 letter, Federal reaffirmed its position that the separate retention and coinsurance requirement applied. In that same letter, Federal reaffirmed its refusal to cover defense costs incurred between the time that Dr. Toussaint received the first DOJ investigation subpoena in January 2013 and the time the indictment was handed down in May 2015. Also, by letter of February 23, 2016, Federal, after reviewing fee and cost invoices incurred by Dr. Toussaint's defense counsel in the total amount of $576,550.82, wrongly rejected as unreasonable and unnecessary all but $233,152.81 of the total. Dr. Toussaint contests each of these determinations.

## CLAIMS

### COUNT I

**Breach of Contract**

23.     Dr. Toussaint incorporates by reference paragraphs 1 through 22 of this Complaint as though fully set forth herein.

24.     The Policy is unambiguous and limits coverage for claims made during the 2012 Policy period, but which are related to earlier claims ("Related Claims"), only on certain terms; namely, on terms that require that Related Claims be subject to the same retention and liability limits as the earliest claim, which are the Limit of Liability and deductible applicable to the 2010 Employee Action.

25.     Since the deductible applicable to the earlier 2010 Employee Action has already been paid, Federal's refusal to pay subpoena and indictment defense costs from the first dollar

and its imposition of an additional deductible of $1 million and 50% coinsurance requirement was a breach of its obligations under the terms of both the 2012 and 2010 Policies.

26.     The Policy is unambiguous and provides coverage for defense costs associated with answering subpoenas relating to an investigation of an Insured Person for a Wrongful Act from the time the subpoenas were issued. Moreover, the defense fees and cost invoices submitted to Federal were reasonable and necessary as and when incurred.

27.     Since the 2012 Policy so provides, Federal's refusal to cover these incurred defense costs was a breach of its obligations under the terms of the 2012 and 2010 Policies.

28.     In the alternative, the 2012 and 2010 Policies are ambiguous with regard to the issues contested in this dispute and should be construed in accordance with Dr. Toussaint's reasonable interpretation.

29.     Dr. Toussaint has complied or substantially complied with all conditions precedent under the Policy and/or Federal has waived them or Federal is estopped, including by promissory estoppel and equitable estoppel, to claim otherwise.  Further, none of Dr. Toussaint's conduct has prejudiced Federal.

30.     Dr. Toussaint seeks as damages the $438,868.83 of coverage remaining under the limits of the 2010 Policy.

31.     Dr. Toussaint is entitled to recover his reasonable and necessary attorney's fees and litigation costs and expenses incurred in the prosecution of this claim, pursuant to Texas Civil Practices and Remedies Code Section 38.001 *et seq.*

## <u>COUNT II</u>

### Declaratory Judgment

32.     Dr. Toussaint incorporates by reference paragraphs 1 through 31 of this Complaint as though fully set forth herein.

33.     Dr. Toussaint seeks an adjudication of his rights under the Policy. Federal's conduct, as set forth above, has resulted in a justiciable controversy entitling Dr. Toussaint to relief under the Declaratory Judgment Act (28 U.S.C. §§ 2201-2202). Specifically, Federal's conduct requires this Court to resolve the dispute as to the legal rights, status and relations created by the Policy. Dr. Toussaint requests that this Court declare that Federal is required to pay Dr. Toussaint the policy proceeds from the first dollar, and cover those defense costs Dr. Toussaint incurred between first receiving a subpoena and the indictment being handed down, as well as those Federal has already agreed to cover. Given the expenses Dr. Toussaint has already incurred, Dr. Toussaint requests a declaration that Federal must pay the remaining 2010 policy limits of $438,868.83.

## COUNT III

### Breach of Statutory Extra-Contractual Duties

34.     Dr. Toussaint incorporates by reference paragraphs 1 through 33 of this Complaint as though fully set forth herein.

35.     Federal's failure to provide coverage as required under the Policy constitutes a violation of Section 541 and 542 of the Texas Insurance Code and related law. Additionally, Federal clearly had an obligation to investigate the claim in a timely manner. Accordingly, Federal has violated Section 541 of the Texas Insurance Code in the following ways:

a.      Federal failed to attempt to effectuate a prompt, fair, and equitable settlement of a claim with respect to which liability has become reasonably clear, in violation of Texas Insurance Code Section 541.060(a)(2)(A).

b.      Federal failed to provide promptly a reasonable explanation, in relation to the facts of applicable law, for its partial denial of Dr. Toussaint's claim, in violation of Texas Insurance Code Section 541.060(a)(3).

36.     Federal has violated Section 542 of the Texas Insurance Code in the following ways:

a.      Federal failed to timely acknowledge receipt of the claim in violation of Texas Insurance Code Section 542.055(a)(1); and

b.      Federal failed to notify Dr. Toussaint in writing of the acceptance or rejection of the claim not later than the 15th business day after receipt of all items, statements and forms required by Federal in violation of Texas Insurance Code Section 542.056(a); and

c.      Federal delayed payment of the Dr. Toussaint claim in violation of Texas Insurance Code Section 542.058(a), for which Dr. Toussaint is entitled to delay penalties of 18% per annum from at least February 18, 2013, or 60 days thereafter, to the date of judgment.

37.     The above-described violations of Texas Insurance Code Section 541 proximately caused Dr. Toussaint's injuries, for which Dr. Toussaint seeks actual damages in the amount of $438,868.83. Additionally, Dr. Toussaint is entitled to reasonable attorney's fees and costs in the present action under the Texas Insurance Code Section 542.

## COUNT IV

### Attorney's Fees, Interest and Costs

38.     Dr. Toussaint incorporates by reference paragraphs 1 through 37 of this Complaint as though fully set forth herein.

39.     Because of Federal's breaches of contract and the statutory violations described above, Dr. Toussaint was forced to obtain the services of an attorney. Accordingly, Dr. Toussaint seeks his reasonable and necessary attorneys' fees, as provided under Chapter 38 of the Texas Civil Practice and Remedies Code, the Texas Insurance Code, and other applicable law.

40.     Dr. Toussaint seeks pre-judgment and post-judgment interest in the maximum amount permitted by law.

41.     Dr. Toussaint seeks costs of court, and such other relief as he may show himself to be justly entitled.

## JURY DEMAND

42.     Dr. Toussaint demands trial by jury on any issues triable of right by a jury.

## REQUEST FOR RELIEF

43.     WHEREFORE, the Dr. Toussaint prays for judgment against Federal as follows:

a.      Contractual damages in the amount of $438,868.83, under both common law and statute;

b.      The declaratory relief that has been requested;

c.      Delay penalties and other extra-Contractual damages under Sections 541 and 542 of the Texas Insurance Code;

d.      His attorney fees in enforcing his rights under the Policy;

e.      His pre-judgment interest and post-judgment interest, costs, and such other and further relief, both general and special, at law and in equity, to which Dr. Toussaint may show himself justly entitled.

Respectfully submitted,


By: _____ */s/ David S. White* _____
Richard Roper III
17233700
David White
21295000
John P. Atkins
24097326

THOMPSON & KNIGHT LLP
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, Texas 75201
Telephone: 214.969.1700
Facsimile: 214.969.1751